## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **ADVANCED MARKETING SYSTEMS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 15-CV-103** |
| | § | |
| **HY-VEE, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

Plaintiff, Advanced Marketing Systems, LLC ("AMS"), by counsel, hereby sets forth its Complaint against Defendant, Hy-Vee, Inc. ("Hy-Vee"), as follows:

## NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. AMS seeks monetary damages and injunctive relief in this action for this patent infringement.

## THE PARTIES

2. Plaintiff AMS is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at Six Gisborne Place, Old Greenwich, CT 06870. AMS is in the business of software and computer management solutions for marketing and promotion applications.

3. Upon information and belief, Hy-Vee is a corporation organized and existing under the laws of the state of Iowa, with its principal place of business located at 5820 Westown Parkway, West Des Moines, Iowa 50266. Hy-Vee is in the retail grocery business.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the claims in this action which relate to patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b), because Hy-Vee resides in and has a regular and established place of business in this district and the acts of infringement occurred in this district and elsewhere.

## COUNT I
(Infringement of U.S. Patent No. 8,219,445)

6.     AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 5 above.

7.     On July 10, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,219,445 entitled "Promotion Processor and Management System" ("the '445 Patent").   A true and correct copy of the '445 Patent is attached as Exhibit 1.

8.     AMS is the owner of the '445 Patent and has all substantial rights and interests in the '445 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '445 Patent.

9.     Upon information and belief, Hy-Vee has infringed and continues to infringe one or more claims of the '445 Patent by making and/or using a website and/or mobile application that embody the patented invention.

10.     Hy-Vee's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's My Hy-Vee account (i.e., loyalty card) for later redemption at time of purchase.

11.     Upon information and belief, Hy-Vee had knowledge of AMS's patent rights as a result of articles in trade publications and otherwise.   Hy-Vee's infringement of the '445 Patent is thus willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '445 Patent.  Hy-Vee is thus acting in reckless disregard of AMS' patent rights.

12.     AMS has suffered damages and will continue to suffer damages as a result of Hy-Vee's infringement of the '445 Patent.  AMS is entitled to damages as provided for by law for Hy-Vee's infringement of the '445 Patent.

13.     As a result of Hy-Vee's infringement of the '445 Patent, Hy-Vee has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

<u>**COUNT II**</u>
(Infringement of U.S. Patent No. 8,370,199)

14.     AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 13 above.

15.     On February 5, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,370,199 entitled "Promotion Processor and Management System" ("the '199 Patent").   A true and correct copy of the '199 Patent is attached as <u>Exhibit 2</u>.

16.     AMS is the owner of the '199 Patent and has all substantial rights and interests in the '199 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '199 Patent.

17.     Upon information and belief, Hy-Vee has infringed and continues to infringe one or more claims of the '199 Patent by making and/or using a website and/or mobile application that embody the patented invention.

18.     Hy-Vee's infringing system includes one or both of a website and a mobile application] to load digital coupon(s) to a consumer's My Hy-Vee account (i.e., loyalty card) for later redemption at time of purchase.

19.     Upon information and belief, Hy-Vee had knowledge of AMS's patent rights as a result of articles in trade publications and otherwise.   Hy-Vee's infringement of the '199 Patent is thus willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '199 Patent.  Hy-Vee is thus acting in reckless disregard of AMS' patent rights.

20.     AMS has suffered damages and will continue to suffer damages as a result of Hy-Vee's infringement of the '199 Patent.  AMS is entitled to damages as provided for by law for Hy-Vee's infringement of the '199 Patent.

21.     As a result of Hy-Vee's infringement of the '199 Patent, Hy-Vee has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

### COUNT III
(Infringement of U.S. Patent No. 8,538,805)

22.     AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 above.

23.     On September 17, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,538,805 entitled "Promotion Processor and

Management System" ("the '805 Patent").   A true and correct copy of the '805 Patent is attached as Exhibit 3.

24.     AMS is the owner of the '805 Patent and has all substantial rights and interests in the '805 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '805 Patent.

25.     Upon information and belief, Hy-Vee has infringed and continues to infringe one or more claims of the '805 Patent by making and/or using a website [and/or mobile] application that embody the patented invention.

26.     Hy-Vee's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's My Hy-Vee account (i.e., loyalty card) for later redemption at time of purchase.

27.     Upon information and belief, Hy-Vee had knowledge of AMS's patent rights as a result of articles in trade publications and otherwise.   Hy-Vee's infringement of the '805 Patent is thus willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '805 Patent.  Hy-Vee is thus acting in reckless disregard of AMS' patent rights.

28.     AMS has suffered damages and will continue to suffer damages as a result of Hy-Vee's infringement of the '805 Patent.  AMS is entitled to damages as provided for by law for Hy-Vee's infringement of the '805 Patent.

29.     As a result of Hy-Vee's infringement of the '805 Patent, Hy-Vee has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

**EXCEPTIONAL CASE**

30.     Hy-Vee's infringement of the '445, '199 and '805 Patents and the circumstances surrounding that infringement render this case exceptional under 35 U.S.C. § 285 and AMS is therefore entitled to its reasonable attorneys' fees and costs.

**JURY DEMAND**

31.     Plaintiff AMS demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff AMS prays for the following relief:

a.      That the Court enter a judgment that Hy-Vee has infringed, the '445, '199 and '805 Patents in violation of 35 U.S.C. § 271;

b.      That the Court enter a judgment that Hy-Vee's infringement of the '445, '199 and '805 Patents was willful;

c.      That the Court award damages to AMS against Hy-Vee adequate to compensate AMS for Hy-Vee's past infringement of the '445, '199 and '805 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses;

d.      That the Court award enhanced damages pursuant to 35 U.S.C. § 284, including enhanced damages based upon Hy-Vee's willful infringement of the '445, '199 and '805 Patents;

e.      That the Court permanently enjoin Hy-Vee, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and successors from infringing  the '445, '199 and '805 Patents;

f.      That the Court determine this case to be exceptional under 35 U.S.C. § 285, and that AMS be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

g.     That the Court award of pre-judgment and post-judgment interest and costs to AMS;

h.     That the Court grant such other and further relief as this Court may deem just and appropriate.

Date:  February 17, 2015                    Respectfully submitted,


                                            s/Allen A. Arntsen
                                            Allen A. Arntsen
                                            Wisconsin State Bar No. 1015038
                                            aarntsen@foley.com
                                            FOLEY & LARDNER LLP
                                            150 East Gilman Street, Suite 5000
                                            Madison, WI  53703-1482
                                            Phone:  608-258-4293
                                            Fax:  608-258-4258

                                            Kurt C. Rommel (*pro hac pending*)
                                            Virginia State Bar No. 20466
                                            krommel@milesstockbridge.com
                                            R. Grant Decker (*pro hac pending*)
                                            Virginia State Bar No. 20618
                                            gdecker@milesstockbridge.com
                                            Michael A. Messina (*pro hac pending*)
                                            Virginia State Bar No. 86719
                                            mamessina@milesstockbridge.com
                                            Stephen Cobb (*pro hac pending*)
                                            Virginia State Bar No. 75876
                                            scobb@milesstockbridge.com
                                            MILES & STOCKBRIDGE P.C.
                                            1751 Pinnacle Drive, Suite 1500
                                            McLean, VA  22102
                                            Phone:  703-903-9000
                                            Fax:  703-610-8686

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **ADVANCED MARKETING SYSTEMS, LLC**